UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
ARTHUR D'AMARIO, III,                )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )    Civil Action No. 15-10156-DJC
                                     )
MARK E. STURDY, Clerk Magistrate,    )
                                     )
        Defendant.                   )
                                     )

MEMORANDUM AND ORDER

**CASPER, J.**                                                    July 30, 2015

I.      Introduction

On May 16, 2015, this Court issued a Memorandum and Order (D. 7) directing plaintiff to demonstrate good cause why this action should not be dismissed because his claims relating to his state criminal and civil cases are time-barred and because he seeks retroactive injunctive relief and other relief vacating state court rulings.

On June 30, 2015, plaintiff filed a Motion for Issuance of Funds For Payment of Stenographic Costs (D. 9). He seeks $400.00 to pay the stenographer for a transcript of a court hearing on February 4, 1999. In his Memorandum in Support (D. 9-1), plaintiff states he is unable to afford the costs for the transcript and explains his finances in detail. Further, he indicates that he will respond to the Memorandum and Order to show good cause, by filing an Amended Complaint adding more facts and including an additional defendant, the Bristol County District Attorney.[1]

As a preview, plaintiff includes a number of allegations regarding the misconduct of Debra and Matthew Sellers, taking place in 1996, 1997, and 1998, wherein they stated that they had

---

[1] The relevant background is set forth in the prior Memorandum and Order and is incorporated herein by reference.

"powerful friends" within the judiciary in Rhode Island and could "take care of" the plaintiff. Id. at ¶ 1.  Next, he alleges that the Sellers family intended to harass him by having him arrested monthly and driving him into the prison system or out of Rhode Island.  This conduct allegedly occurred before February 4, 1999.  Id. at ¶ 2.

Additionally, plaintiff names a number of judicial officers, prosecutors, and court personnel as being involved "in this frame-ups and in the case file tampering." Id. at ¶ 3.  Further, he alleges that from October 1997 to February 1999, police and court personnel falsely accused him of telephoning Debra Sellers and going to her house, in violation of a restraining order against him.  Those cases were dismissed and plaintiff recovered money damages for one of the cases. Id. at ¶ 4.  Plaintiff denies ever being present in Massachusetts, and never calling Debra Sellers during the time in question, beginning October 1997.  He contends the only contact was mailing court pleadings to her as required.

As further support, plaintiff attaches exhibits indicating that he filed a Notice of Appeal in his Attleboro cases on March 24, 1998, but has yet to receive a docket number or have his appeal adjudicated.  He also submitted a letter from Rhode Island Senator Mike Flynn to Debra Sellers.  The letter noted that plaintiff had been harassed with phony charges in Rhode Island, as part of the plot to run him out of town. Id. at ¶ 5(B).  He alleges that the police and court personnel believed that the letter was forged by plaintiff in order to impress Debra Sellers.  This was considered as a violation of his Massachusetts probation and he was summonsed to appear to answer the violation charge, on February 25, 1998.  Plaintiff makes further allegations of police retaliation and clerk misconduct, all taking place in July, 1998.

With respect to the requested transcript, plaintiff indicates that he received a copy of a cassette tape of the hearing on February 4, 1999 but it was altered and was not a true copy.  In 2001, plaintiff wrote to the court about the missing testimony.  A second cassette copy was provided to plaintiff.  He contends that he was imprisoned in the Federal Bureau of Prisons until December 23, 2014, at which time he "dug the 2001 version of the cassette copy out of his mother's AZ storage

shed, and mailed it to a PA stenographer" to obtain transcript costs. Id. at 5(D). He contends that a transcript "will smash this conspiracy and prove that Defendant's employees criminally altered the '99 cassette copy." Id. He attaches portions of the transcript from the first cassette copy. He seeks transcription of the second cassette copy to assist him in responding to the Court's Memorandum and Order to show cause. He also claims this will assist him in connection with postconviction remedies he wishes to pursue.

**II.    Discussion**

Although plaintiff is indigent and proceeding *in forma pauperis*, he is not entitled to funds for transcripts at the government's expense simply on the basis of his inability to pay the stenographer. This matter is governed by 28 U.S.C. § 753 (Federal Court Reporters Act) and 28 U.S.C. § 1915 (the *in forma pauperis* statute). Section 753(f) provides that in cases other than criminal, habeas, and Section 2255 proceedings (such as the instant action), the Court may order that transcripts be paid by the United States "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)" and if the transcript is needed to decide the issue presented by the suit or appeal. 28 U.S.C. § 753(f). Additionally, section 1915(c) of Title 28 provides, in relevant part, that "the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court...." 28 U.S.C. § 1915(c).

Here, neither statute provides authorization for payment by the United States for state court transcripts in this civil action and D'Amario has not asserted any legal authority otherwise. To the extent he submits that the transcript is authorized because it is needed to decide the issues presented by this suit, the Court rejects that assertion. Nothing in his Memorandum in support of his motion persuades this Court that the matter cannot be resolved without that transcript. Indeed, the alleged additional facts all relate to matters that occurred in the 1990s or early 2000s. Thus, there is nothing to overcome the statute of limitations bar as this Court discussed in detail in its prior Memorandum and Order (D. 7 at 6-9).

Finally, after filing this motion, D'Amario filed his show cause response (D. 10) and amended his complaint (D. 11) on July 21, 2015. Therefore, his argument that he needed the transcript to make those filings now appears to be moot.

**III    Conclusion and Order**

In light of the above, and for all the reasons set forth in the Memorandum and Order to show cause, plaintiff's Motion for Issuance of Funds For Payment of Stenographic Costs (D. 9) is <u>DENIED</u>.

**So ordered.**

       /s/ Denise J. Casper  
       United States District Judge